United States District Court
Southern District of Texas
**ENTERED**
February 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MOLINA CONSTRUCTION, INC. | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. 7:23-cv-00107 |
| WESTCHESTER SURPLUS LINES | § |
| INSURANCE COMPANY, | § |
| | § |
| Defendant. | § |
| | § |

## OPINION AND ORDER

The Court now considers "Defendant's Second Supplement to its Motion to Compel Discovery Responses"[1] and "Defendant's Notification to the Court of Attorney's Fees for Preparing Motion to Compel Discovery Responses."[2]

### I. Defendant's Second Supplement to its Motion to Compel Discovery Responses

On July 31, 2023, Defendant served Plaintiff with requests for production and interrogatories.[3] On September 13, 2023, Defendant, having not received Plaintiff's responses, reached out to Plaintiff's counsel.[4] Plaintiff's counsel then indicated that the responses would be forthcoming "as soon as possible."[5] On October 19, 2023, Defendant still having not received Plaintiff's responses, Defendant reached out to Plaintiff's counsel again and asked that the

---

[1] Dkt. No. 13.
[2] Dkt. No. 17.
[3] Dkt. No. 11 at 2, ¶ 4.
[4] *Id.* at 2, ¶ 5.
[5] *Id.*

responses be made no later than October 26, 2023.[6] Defense counsel received no reply from Plaintiff's counsel.[7] Defense counsel then sent a follow up email on October 24, 2023.[8]

On December 1, 2023, Defendant filed a motion requesting the Court to compel Plaintiff's discovery responses.[9] Plaintiff failed to respond to the motion. On January 8, 2024, the Court ordered Plaintiff to properly respond to Defendant's requests for production and interrogatories no later than January 17, 2024 and held that any objections Plaintiff may have had to those requests had been effectively waived. Additionally, the Court ordered Plaintiff to make the required initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than January 17, 2024. Plaintiff was further warned that failure to comply with the Federal Rules of Civil Procedure and the deadlines set forth in that order may include dismissing the action or proceeding in whole.[10]

On January 22, 2024, Defendant filed a supplement to the motion to compel informing the Court that it had "not received the responses to requests for production, answers to interrogatories, or the required initial disclosures."[11] In response, the Court ordered "dismissal of this action, in its entirety, unless Plaintiff responds fully to the request for production and interrogatives, and makes the required initial disclosures no later than January 26, 2024 at 4 p.m."[12]

The same day that the Court issued the order, Plaintiff filed a response.[13] There, counsel for Plaintiff asserts that his mother suffered a medical emergency, staying in the hospital for a week beginning on January 15, 2024. Counsel for Plaintiff asserts that "[b]ecause of this emergence situation, [he], frankly, was distracted and missed the deadline imposed by the Court.

---

[6] *Id.* at 3, ¶ 6.
[7] *Id.*
[8] *Id.*
[9] Dkt. No. 11.
[10] FED. R. CIV. P. 37 (b)(2)(A)(v).
[11] Dkt. No. 13.
[12] Dkt. No. 15.
[13] Dkt. No. 14.

Plaintiff's counsel is remorseful and hopes the Court does not see his failure as any sign of a lack of respect for this Court."[14] Counsel did not explain the protracted failure to comply earlier. Additionally, counsel for Plaintiff asserts that "[o]n January 24, 2024, the date of filing of this pleading, Plaintiff's counsel has provided Plaintiff's Answers to Interrogatories and Responses to Requests for Production, as well as its Designation of Experts."[15]

On January 31, 2024, Defendant filed its second supplement to the motion to compel discovery responses arguing that while Plaintiff provided answers to interrogatories, Rule 26 initial disclosures, and responses to requests for production, Plaintiff has not *fully* responded as ordered by the Court.[16] To date, Plaintiff has filed nothing with the Court that addresses the deficiencies.

The Court first addresses Plaintiff's response. Even considering that Plaintiff's counsel's mother entered the hospital on January 15, 2024, and stayed approximately one week, that does not excuse the fact that Plaintiff was already delinquent in meeting the deadlines in this matter. As previously mentioned, Defendant's first set of interrogatories were first served to Plaintiff on July 31, 2023.[17] Thus, Plaintiff's answers, responses, and document production were due on August 30, 2023.[18] Plaintiff filed no response to the December 1, 2023, motion to compel discovery, and to date has provided no explanation why the prior August 30, 2023, deadline was not met, even after several follow-up attempts by Defendant. Counsel for Plaintiff having been preoccupied with his mother's medical emergency for one week over four months past the prior deadline does not condone the tardiness. Sure, Plaintiff also missed the Court's January 26, 2024, deadline, but that was imposed far after Plaintiff had already missed the initial deadline.

---

[14] *Id.* at 1.
[15] *Id.* at 2.
[16] Dkt. No. 16.
[17] Dkt. No. 11 at 2, ¶ 4.
[18] *Id.*

Nonetheless, the Court addresses the content of the late answers to interrogatories, Rule 26 initial disclosures, and responses to requests for production.

### a. Answers to Interrogatories

Defendant argues that Plaintiff's answers to interrogatories are unverified, Plaintiff's answers to interrogatory Nos. 3 and 6 are incomplete, and there is no answer to Interrogatory No. 9.[19]

After a review of Plaintiff's answers to Defendant's Interrogatories, the Court finds the answers incomplete. First, there is no verification that any of the answers are true and correct. Next, Plaintiff's answers to Interrogatory Nos. 3 and 6 omit portions of requested information. Finally, Plaintiff has failed to answer Interrogatory No. 9 altogether.

### b. Rule 26 Initial Disclosures

Federal Rule of Civil Procedure 26(1)(a) requires that Plaintiff must have provided Defendant with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . ." Here, Plaintiff does not state the subject matter expected from each of the disclosed individuals likely to have discoverable information relevant to the disputed facts. Take for example Plaintiff's expert, G.C. "Butch" Woods. While Plaintiff provided that the expert is employed by Trinity Contracting Systems, LLC there is no indication as to the subject matter on which the expert would be testifying. The same goes for Plaintiff's expert Alonzo Garza. It is disclosed that Expert Garza works for Baldwin Roofing, but Plaintiff's disclosures do not identify the subject matter for any of these individuals. Likewise for the individual labeled "Sedgwick

---

[19] Dkt. No. 16-1.

Claims Adjusters." The rules are clear that the subject matter of these individuals must be provided. Aside from attempting a best guess, there is simply no indication of the subject matter of discoverable information these individuals may have.

Additionally, Plaintiff states that treble damages and exemplary damages are incalculable. Defendant argues that this is inexcusable for a case that has been on file for close to a year and does not apprise Defendant of the damages being sought against it. The Court agrees, the initial disclosures merely provide a cursory overview of the discoverable information and are thus wholly insufficient.

### c. Requests for Production

Pursuant to Federal Rule of Civil Procedure 34(b)(1)(E)(i), "A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request . . . ." For each of Defendant's requests for production, Plaintiff has responded "Please refer to the attached documents."[20] This "go find it" approach is inadequate. As noted by Defendant, even after referring to the attached documents, request Nos. 2-20, 22-37 have no such attached documents. Thus, the majority of Plaintiff's answers to Defendant's requests for production are altogether nonresponsive.

As a further note, Defendant informed Plaintiff of the aforementioned deficiencies and as of the date of Defendant's supplement motion, Plaintiff has not responded to those deficiencies.[21] Plaintiff has now been given since July 31, 2023, to appropriately cooperate and has failed to do so even after multiple failed attempts by both Defendant and the Court to engage Plaintiff in this matter. Even after finally appearing, the late answers to interrogatories, Rule 26 initial disclosures,

---

[20] Dkt. No. 16-3.
[21] Dkt. No. 16 at 4.

and responses to requests for production were all incomplete. Accordingly, the Court hereby **DISMISSES** this matter **WITH PREJUDICE**.

### II. DEFENDANT'S NOTIFICATION TO THE COURT OF ATTORNEY'S FEES FOR PREPARING MOTION TO COMPEL DISCOVERY RESPONSES

The Court previously granted Defendant's motion to compel and ordered Defendant to notify the Court of reasonable expense in making the motion to compel, including attorney's fees.[22] Defendant has now filed the notification of attorney's fees.[23]

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court, in granting a motion to compel discovery, "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court must not order said payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[24]

The Court finds none of those facts present here. First, Defendant attempted in good faith to obtain the disclosure and discovery without court action. Next, Plaintiff has failed to provide the Court with substantial justification for failing to respond to the requests from July 31, 2023. Finally, no other circumstances make the award of expenses unjust. Accordingly, the Court finds that it must require the Plaintiff's attorney to pay Defendant's reasonable expenses incurred in the making of the motion.

---

[22] Dkt. No. 12.
[23] Dkt. No. 17.
[24] FED. R. CIV. P. 37(a)(5)(A).

Defendant has provided a declaration in support of those expenses.[25] Therein, Defendant's attorney Heather Von Sternberg alleges that she expended a total of 10.5 hours on the motion to compel. Further, she alleges that she charges an hourly rate of $290. The Court finds this to be a reasonable expense incurred in making the motion.

Thus, the Court hereby **ORDERS** Plaintiff's attorney, John Andrew Millin, IV, to pay Defendant's attorney, Heather von Sternberg of Chaffe McCall, LLP the amount of **$3,045.00** for the reasonable expenses incurred in the making of Defendant's motion to compel no later than **March 15, 2024**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of February 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[25] Dkt. No. 17-1.