United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MOLINA CONSTRUCTION, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:23-cv-00107 |
| § | |
| WESTCHESTER SURPLUS LINES § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

The Court now considers "Plaintiff's Memorandum in Support of its Opposed Motion for Relief from the Court's Order Dismissing the Case"[1] and "Defendant's Response to Plaintiff's Motion Under Rule 60(B)."[2] After considering the motion, record, and relevant authorities, the Court **DENIES** the motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

On July 31, 2023, Defendant served Plaintiff with requests for production and interrogatories.[3] On September 13, 2023, Defendant, having not received Plaintiff's responses, reached out to Plaintiff's counsel.[4] Plaintiff's counsel then indicated that the responses would be forthcoming "as soon as possible."[5] On October 19, 2023, still having not received Plaintiff's responses, Defendant reached out to Plaintiff's counsel again and asked that the responses be made

---

[1] Dkt. No. 19.
[2] Dkt. No. 20.
[3] Dkt. No. 11 at 2, ¶ 4.
[4] *Id.* at 2, ¶ 5.
[5] *Id.*

no later than October 26, 2023.[6] Defense counsel received no reply from Plaintiff's counsel.[7] Defense counsel then sent a follow up email on October 24, 2023.[8]

On December 1, 2023, Defendant filed a motion requesting the Court to compel Plaintiff's discovery responses.[9] Plaintiff failed to respond to the motion. On January 8, 2024, the Court ordered Plaintiff to properly respond to Defendant's requests for production and interrogatories no later than January 17, 2024 and held that any objections Plaintiff may have had to those requests had been effectively waived. Additionally, the Court ordered Plaintiff to make the required initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than January 17, 2024. Plaintiff was further warned that failure to comply with the Federal Rules of Civil Procedure and the deadlines set forth in that order may include dismissing the action or proceeding in whole.[10]

On January 22, 2024, Defendant filed a supplement to the motion to compel informing the Court that it had "not received the responses to requests for production, answers to interrogatories, or the required initial disclosures."[11] In response, the Court ordered "dismissal of this action, in its entirety, unless Plaintiff responds *fully* to the request for production and interrogatives, and makes the required initial disclosures no later than January 26, 2024 at 4 p.m."[12]

The same day that the Court issued the order, Plaintiff filed a response.[13] There, counsel for Plaintiff asserted that his mother suffered a medical emergency, staying in the hospital for a week beginning on January 15, 2024. Counsel for Plaintiff argued that "[b]ecause of this emergency situation, [he], frankly, was distracted and missed the deadline imposed by the Court. Plaintiff's counsel is remorseful and hopes the Court does not see his failure as any sign of a lack

---

[6] *Id.* at 3, ¶ 6.
[7] *Id.*
[8] *Id.*
[9] Dkt. No. 11.
[10] Fed. R. Civ. P. 37 (b)(2)(A)(v).
[11] Dkt. No. 13.
[12] Dkt. No. 15 (emphasis added).
[13] Dkt. No. 14.

of respect for this Court."[14] Counsel did not explain the protracted failure to comply earlier. Additionally, counsel for Plaintiff asserted that "[o]n January 24, 2024, the date of filing of this pleading, Plaintiff's counsel has provided Plaintiff's Answers to Interrogatories and Responses to Requests for Production, as well as its Designation of Experts."[15]

On January 31, 2024, Defendant filed its second supplement to the motion to compel discovery responses arguing that while Plaintiff provided answers to interrogatories, Rule 26 initial disclosures, and responses to requests for production, Plaintiff had not *fully* responded as ordered by the Court.[16] The Court found Plaintiff's answers to interrogatories unverified and incomplete, Plaintiff's Rule 26 initial disclosures wholly insufficient, and the majority of the answers to Defendant's requests for production altogether nonresponsive.[17] Thus, because Plaintiff had since July 31, 2023 to cooperate in this matter and still refused to appropriately do so even after being ordered by the Court, the Court dismissed the matter with prejudice.[18]

Plaintiff now wishes the Court to grant it relief from the order dismissing this case under Federal Rule of Civil Procedure 60(b).[19] The Court now turns to that motion.

## II. Discussion

### a. Legal Standard

The Court may grant relief from a final judgment, order, or proceeding due to a party's mistake, inadvertence, surprise, or excusable neglect under Federal Rule of Civil Procedure 60(b)(1), but Rule 60(b) relief should only be granted in "unique circumstances."[20] Plaintiff argues excusable neglect in this case. The Supreme Court has stated that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding

---

[14] *Id.* at 1.
[15] *Id.* at 2.
[16] Dkt. No. 16.
[17] Dkt. No. 19 at 4-5
[18] *Id.*
[19] Dkt. No. 19.
[20] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)

the party's omission."[21] The factors that play into this determination include the risk of prejudice to the other party, the length of delay, the reason for delay, and whether the movant acted in good faith.[22] However, Courts have discretion to deny a Rule 60(b) motion when the proffered justification is the "inadvertent mistake" of counsel.[23] "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief . . . In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."[24] The Fifth Circuit has many times upheld the denial of a Rule 60(b) motion due to an attorney's failure to adhere to deadlines.[25]

   b. **ANALYSIS**

Plaintiff argues that it

> is entitled to relief because the Court's order resulted from Plaintiff's counsel's excuseable [sic] neglect and the Court's mistaken use of the most severe sanctions, given what the law allows under the circumstances. Further, this judgment is manifestly unjust because Plaintiff responded to written discovery in good faith. Plaintiff's counsel intended to address the deficiencies and, if the differences were still unresolved, Plaintiff's counsel intended to file a response and request a hearing so that the court could address any remaining discovery dispute.[26]

In the motion, counsel for Plaintiff reiterates the emergency issue with his mother.[27] The Court fears that counsel for Plaintiff may be "missing the forest for the trees." The Court did take that matter under serious consideration when looking at the events in this case. However, to date, Plaintiff has still failed to inform the Court why almost half a year passed before it participated in

---

[21] *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 395 (1993).
[22] *Id. See also Bynum v. Ussin,* 410 Fed.Appx. 808, 810-11 (5th Cir. 2011); *Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC,* 534 F.3d 469, 472 (5th Cir. 2008); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 357 (5th Cir. 1993).
[23] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 357 (5th Cir. 1993).
[24] *Id.* citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985), *Knapp v. Dow Corning Corp.,* 941 F.2d 1336, 1338 (5th Cir. 1991).
[25] *See also Bynum v. Ussin,* 410 Fed.Appx. 808 (5th Cir. 2011); *Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC,* 534 F.3d 469 (5th Cir. 2008); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350 (5th Cir. 1993).
[26] Dkt. No. 19 at 4-5, ¶ 10.
[27] *Id.* at 2, ¶ 6.

this matter. Then only after Court intervention, it responded in ways that were wholly insufficient. Excusing counsel for the time spent caring for his mother still does not explain all the other transgressions in this case.

Further, in its motion dismissing this case, the Court noted that,

> Defendant informed Plaintiff of the aforementioned deficiencies and as of the date of Defendant's supplemental motion, Plaintiff has not responded to those deficiencies. Plaintiff has now been given since July 31, 2023, to appropriately cooperate and has failed to do so even after multiple failed attempts by both Defendant and the Court to engage Plaintiff in this matter. Even after finally appearing, the late answers to interrogatories, Rule 26 initial disclosures, and responses to requests for production were all incomplete.[28]

Thus, Plaintiff even had an opportunity to correct the deficiencies and did not do so. Of the aforementioned factors, the extended length of the delay and the failure to provide a reason for the delay weigh most heavily on this Court's consideration. However, the Court also finds that there is a strong risk of prejudice to Defendant. Defendant has demonstrated that it has expended many resources in its attempt to convince Plaintiff to participate in this matter. For the Court to go back on that decision now would be unjust. Whether or not counsel Plaintiff acted in good faith is outweighed by the other factors.

### III. CONCLUSION

For the foregoing reasons, the motion is hereby **DENIED**.

DONE at McAllen, Texas, this 14th day of May 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[28] Dkt. No. 18 at 5-6.